**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAY E. BAGLEY, JR.,**

                              **Plaintiff,**              **6:02-CV-0285**
                                                              **(GLS)**

              **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                              **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Olinsky, Shurtliff Law Firm          HOWARD OLINSKY, ESQ.
300 S. State Street
5th Floor
Syracuse, New York 13202

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY          WILLIAM H. PEASE
United States Attorney              Assistant U.S. Attorney
PO Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

Office of General Counsel          MARGARET A. DONAGHY
26 Federal Plaza, Room 3904      Special Assistant U.S. Attorney
New York, New York 10278-0004

**Gary L. Sharpe**
**U.S. District Judge**

                              <u>**DECISION AND ORDER**</u>

## I. <u>Introduction</u>

Plaintiff Jay Bagley ("Bagley") moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner opposes Bagley's motion on grounds that special circumstances make an award of attorney's fees unjust. For the reasons that follow, Bagley's motion for attorney's fees is granted.

## II. <u>Background</u>

On July 20, 1999, Bagley was notified by the Social Security Administration that his period of disability - arising out of bilateral carpal tunnel syndrome and a verbal scale IQ of 67 - ceased as of July of 1999. Correspondingly, he was informed that his disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") would be terminated as of September of 1999.  This determination was affirmed by an ALJ decision dated February 7, 2001.  This became the Commissioner's final decision when the Appeals Council denied Bagley's request for review by notice dated January 18, 2002.

Bagley then brought this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's decision.  As relevant to the current

motion, Bagley argued that, in reviewing his termination of benefits, the Administrative Law Judge ("ALJ") erred under 20 C.F.R. § 404.1594(b)(5) by only considering evidence of his disability which existed when his period of disability was found to have ceased in July of 1999.  In this vein it was contended that the ALJ should have considered evidence of Bagley's back impairments arising out of car accidents in September of 1999 and February of 2000.

On March 16, 2006, this court issued a Decision and Order affirming the Commissioner's decision.  Bagley timely appealed to the Second Circuit and both parties submitted briefing.  Bagley reiterated the above argument under 20 C.F.R. § 416.994.  On December 13, 2007, the Circuit requested supplemental briefing from the parties as to the effect of *Nieves v. Barnhart*, No. 02 Civ. 9207, 2005 WL 668788 (S.D.N.Y. Mar. 23, 2005) ("*Nieves II*"); 20 C.F.R. § 416.305(b)(5);  20 C.F.R. § 416.1476 and 52 Fed. Reg. 4001, 4003 (1987) on the case.  The combined import of these authorities is that the existence of a plaintiff's disability in SSI cessation cases must be considered based on all evidence presented throughout the administrative appeals process, not merely as of the initial cessation date.

Apparently realizing the significance of the authorities the Circuit

3

requested briefing on, the parties engaged in negotiation which ultimately led to the Commissioner's agreement to remand the case solely to calculate benefits.  A stipulation and order of dismissal was entered on February 12, 2008.

Currently pending before the court is Bagley's motion for attorney's fees under the EAJA and the government's objection to such an award on grounds that "special circumstances" make such an award unjust.

### III.  Discussion

In pertinent part, the EAJA provides:

> [A] court shall award [1] to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, [2] unless the court finds that the position of the United States was substantially justified or [3] that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1(A).

### A.  Prevailing Party

Bagley is a prevailing party here because the parties agreed to reverse the Commissioner's final determination and remand the case pursuant to sentence four of 42 U.S.C. § 405(g).  *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (a party who achieves a sentence four remand is

4

a prevailing party).

## B.   Substantial Justification

A plaintiff seeking attorney's fees under the EAJA must allege that the Government's underlying position was not substantially justified.  See 28 U.S.C. § 2412(d)(1)(B).  Once the plaintiff has done so, the burden shifts to the Commissioner to establish that its opposition was substantially justified.  *See Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999).

Here Bagley has satisfied his burden, while the government has not disputed the insufficiency of its position.  Accordingly, the court finds that the Commissioner's position below was not substantially justified.

## C.   Special Circumstances

In rare situations equitable considerations make an award of attorney's fees under the EAJA unjust.  *See, e.g., United States v. 27.09 Acres of Land*, 43 F.3d 769, 772 (2d Cir. 1994); *see also* H.R. Rep. 1418, 96th Cong., 2nd Sess. at 11, reprinted in 1980 U.S.C.C.A.N. 4953, 4984, 4990.  For instance, the Second Circuit has held that a fee award may be denied "where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing

party rests on a result to which the claimant made no contribution."

*Firstland Int'l, Inc., v. U.S. I.N.S.*, 264 Fed. Appx. 22 (2d Cir. 2008); *see also 27.09 Acres of Land*, 43 F.3d at 773.  Under this line of cases, the Commissioner argues that the court should deny Bagley attorney's fees, because he failed to raise the dispositive issue addressed by those authorities the Circuit requested additional briefing on.

The invitation is not without its appeal.  When initially before the court, Bagley pointed out that 20 C.F.R. § 404.1594(b)(5) - which applies to the cessation of DIB - required consideration of "all [the plaintiff's] current impairments."  It was thus argued that "current" should have been interpreted to include all evidence of impairments submitted during the ALJ review, not merely evidence in existence or relating to the time of the initial July 1999 cessation determination.  Similar arguments were made before the Circuit under 20 C.F.R. § 416.994 - which applies to SSI benefits - with Bagley setting forth assorted caselaw adopting the interpretation of "now" or "current" that he urged the Circuit to adopt.

However, when before this court, Bagley failed to address or even acknowledge that the Circuits are split on the relevant time period for review in the context of DIB cessation cases.  *Compare Johnson v. Apfel*,

6

191 F.3d 770 (7th Cir. 1999) (finding ALJ review in DIB cessation cases to be limited to evidence of disability at time of initial cessation determination), *with Difford v. Sec'y of Health and Human Servs.*, 910 F.2d 1316 (6th Cir. 1990) (holding that evidence of disability presented throughout appeals process must be considered in DIB cessation cases).  More importantly, Bagley failed to note any distinction between SSI and DIB cessation cases both before this court and the Circuit.  Because SSI eligibility, unlike DIB eligibility, can be reestablished during the pendency of an appeal without filing a new application, the Commissioner will consider additional evidence submitted during the course of such appeal regardless of its relation to the initial disability cessation date.  *See Nieves II,* 2005 WL 668788, at *2-3; 20 C.F.R. § 416.305(b)(5); 20 C.F.R. § 416.1476(b)(2); 52 Fed. Reg. 4001, 4003 (1987).  This point was never illuminated by Bagley.

Nevertheless, the court does not find that these oversights constitute special circumstances sufficient to deny EAJA fees.  From a broader perspective, Bagley's argument as to the relevant time frame for determining his disability was correct, even if the dispositive justification for it was absent.  Additionally, the court can only speculate as to the stimulus which led the Circuit to request additional briefing on the relevant

7

authorities.  It may very well be that such request was made upon recognition of the general merit to Bagley's argument.  Finally, Bagley's arguments as to the regulatory definition of "now" and "current," while certainly relying at least in part on unsettled law, were not without some merit.  It was entirely possible that such arguments would have carried the day in the absence of the more persuasive authorities cited by the Circuit. As such, it cannot be conclusively said that Bagley prevailed here through circumstances entirely divorced from counsel's efforts.  Accordingly, the court finds that an award of fees under the EAJA is appropriate.

**D.    The Award**

Courts within the Second Circuit apply the "presumptively reasonable fee analysis" in determining the appropriate award of attorney's fees. *Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 (2d Cir. 2007).  This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award."  *Id*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The applicant has the burden of establishing to the court's satisfaction the reasonableness of the hours expended and

8

rates charged.  *See Hensley*, 461 U.S. at 433.

Here, Bagley seeks an award of $14,249.19 for 91.25 hours of his attorney's work from 2002 through 2008, as well as $2,277.99 for 13.5 hours spent in 2008 responding to the Commissioner's opposition to the award.[1]

## 1.    Reasonableness of the Hours Expended

A review of the caselaw reveals that, on average, attorney's spend from twenty to forty hours on routine social security cases.  *See, e.g., Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008); *Cruz v. Apfel*, 48 F. Supp. 2d 226, 230 (E.D.N.Y. 1999); *Grey v. Chater*, No. 95 CIV. 8847 (JFK), 1997 WL 12806, at *1 (S.D.N.Y. 1997).  However, courts "have not

---

[1]The specific breakdown is as follows:

| Year | Hours | Rate/Hour | Total |
|------|-------|-----------|-------|
| 2002 | 33 | $143.58 | $4,738.14 |
| 2003 | .5 | $148.19 | $74.10 |
| 2004 | .5 | $152.49 | $76.25 |
| 2005 | .75 | $158.17 | $118.63 |
| 2006 | 43.75 | $163.39 | $7,148.31 |
| 2007 | 6.25 | $166.26 | $1,039.13 |
| 2008 | 19.75 | $168.74 | $3,332.62 |
|  | 104.5 |  | $16,527.18 |

hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts" warrant such an award.  *Hinton v. Sullivan*, 84 Civ. 9276, 1991 WL 123960, at *5 (S.D.N.Y. Jul. 2, 1991) (finding 190.1 hours expended reasonable in light of "convoluted course of events and the number of years it took to resolve"); *see, e.g., Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11-12 (finding 200 hours reasonable in calculating EAJA fee); *Garcia v. Bowen*, 702 F. Supp. 409, 411 (S.D.N.Y. 1988) (finding 156.2 hours reasonable and listing cases)

The present matter was far from routine, as it involved a discrete legal issue, years of litigation, an appeal, and a case - *Nieves II* - which had not been decided when briefing was initially submitted to this court. Additionally, review of counsel's itemized billing statement does not reveal any outlandish time expenditures.  Nor has the Commissioner objected to the hours incurred beyond the "special circumstances" argument discussed *supra*.  Accordingly, the court finds that 91.25 hours was reasonable for this case, and 13.5 hours was reasonable for responding to the Commissioner's opposition to a fee award.  *See Hinton*, 1991 WL 123960, at *6 (finding 31.55 hours reasonable for responding to Commissioner's opposition to attorney's fees).

## 2.    Reasonableness of the Rate

The proper hourly rate under the EAJA is set by statute at $125, adjusted for increases in the cost of living under the Consumer Price Index ("CPI").  *See* 28 U.S.C. § 2412(d)(2)(A); *McKay v. Barnhart*, 327 F. Supp. 2d 263, 270 (S.D.N.Y. 2004).  Thus the CPI adjusted hourly rates sought for 2002, 2003, 2004, 2005, 2006, 2007, and 2008 are $143.58, $148.19, $152.49, $158.17, $163.39, $166.26, and $168.74, respectively.  These rates are clearly reasonable.  Accordingly, multiplying the hours spent by the corresponding rate for the relevant year, the court grants attorney's fees in the amount of $16,527.18.

## 3.    To Whom Shall the Award be Paid

The Commissioner next urges the court to award any attorney's fees under the EAJA to Bagley, rather than to his attorney.

To whom EAJA attorney's fees are properly paid is a hotly debated issue, with courts falling on both sides of the divide.  *Compare Manning v. Astrue,* 510 F.3d 1246, 1249-55 (10th Cir. 2007) (EAJA fees go to client); *FDL Techs., Inc. v. United States*, 967 F.2d 1578, 1580 (Fed. Cir. 1992) (same); *Hogan v. Astrue*, 539 F. Supp. 2d 680, 683-84 (W.D.N.Y. 2008) (same), *with King v. Comm'r*, 230 Fed. Appx. 476 (6th Cir. 2007) (a

prevailing party is required to pay EAJA fees to his attorney); *Stephens v. Astrue*, 539 F. Supp. 2d 802, 810-23 (D. Md. 2008) (concluding, after an extensive discussion, that EAJA fees are payable to attorney, not plaintiff). While there are persuasive arguments for both points of view, the court finds that the plain language of the statute, as well as the weight of the authority in this Circuit, mandates that the award go to Bagley and not his counsel.

First, as pointed out above, the EAJA provides that "a court shall award *to a prevailing party* ... fees and other expenses incurred *by that party* in any civil action." 28 U.S.C. § 2412(d)(1(A) (emphasis added). Thus, the unambiguous wording of the statute requires attorney's fees be paid to the plaintiff, not his attorney. To hold otherwise simply because of dissatisfaction with the result would be to impermissibly enter the realm of Congress.

Awarding EAJA attorney's fees to a plaintiff, as opposed to his counsel, also finds some support in the Second Circuit's jurisprudence. In *Oguachuba v. I.N.S.*, 706 F.2d 93 (2d Cir. 1983), the Circuit was faced with the propriety of a district court's denial of attorney's fees under the EAJA due to a client's misconduct. In finding the denial of fees appropriate and

12

addressing the attorney's corresponding objection, the Circuit stated:

> [t]he claim that a denial of attorneys' fees penalizes the lawyer but not the client exhibits a fundamental confusion about the nature of that relationship both in our legal system and under the EAJA. *Whether an award of attorneys' fees under the Act ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client.*

*Id.* at 97 (emphasis added).  This statement would, at the very least, seem to imply the Circuit's belief that EAJA fee awards are made to a claimant and not his attorney.  That other statutes awarding attorney's fees to a "prevailing party" have been construed in such a way supports this interpretation.  *See, e.g., Evans v. Jeff D.*, 475 U.S. 717, 730, 730 n.19 (1986) (stating that § 1988 bestows "on the 'prevailing *party*' ... a statutory eligibility for a discretionary award of attorney's fees in specified civil rights actions") (emphasis in original); *Soliman v. Ebasco Servs. Inc.*, 822 F.2d 320, 322 (2d Cir. 1987) ("the words 'prevailing party' ... under § 1988 ... refer to plaintiff's entitlement to those fees, not the plaintiffs lawyer"); *Brown v. General Motors Corp.*, 722 F.2d 1009, 1011 (2d Cir. 1983) (same).

Finally, it would appear that the bulk of district courts in this Circuit to address the question have found that attorney's fees under the EAJA are awarded to the plaintiff.  *See, e.g., Hogan*, 539 F. Supp. 2d. at 683-84

13

(W.D.N.Y. 2008) (awarding attorney's fees to claimant); *Scott v. Sec'y of Health and Human Servs.*, No. 85 C 2442, 1988 WL 69810, at *1 (E.D.N.Y. May 24, 1988) (same); *Dannenberg v. Sec'y of Health & Human Servs.*, No. 83 Civ. 4046, 1988 WL 5411, at *1 (S.D.N.Y. Jan. 15, 1988) (same); *but see, e.g., Garner v. Astrue*, No. 06-CV-769C, 2008 WL 2357409, at *1-3 (W.D.N.Y. June 4, 2008) (awarding fees to attorney).

Thus, while the court understands the anxiety of plaintiff's counsel, the court feels compelled to pay the EAJA attorney's fee award directly to Bagley, with the expectation that he will dutifully honor his obligations to his attorney.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Bagley's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (**Dkt. No. 18**) in the amount of $16,527.18 is **GRANTED,** with the award to be made payable to Bagley; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

14

Albany, New York
August 20, 2008

Gary L. Sharpe
U.S. District Judge